IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                              PLAINTIFF/RESPONDENT

V.                              Case No. 2:12-CR-20007-002

WILLIAM HAYES                                         DEFENDANT/PETITIONER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Petitioner's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 filed August 27, 2015.  (Doc. 131)  The United States filed its Response on September 25, 2015. (Doc. 137)  Petitioner did not file any reply.  The matter is ready for Report and Recommendation.

### I.  Background

On January 25, 2012, Defendant/Petitioner, William Hayes ("Hayes"), was named in a thirteen-count Indictment charging him with conspiracy to distribute 50 grams or more of methamphetamine (Count 1), aiding and abetting in the distribution of methamphetamine (Count 3), and distribution of methamphetamine (Count 4).  (Doc. 1)  Hayes appeared for arraignment with his appointed counsel on February 8, 2012, and he entered a not guilty plea to each count of the Indictment.  (Doc. 18)  Counsel thereafter filed a request for discovery on February 27, 2012 (Doc. 35), to which the United States responded on the same date (Doc. 36).  On March 15, 2012, appointed counsel, Shannon Blatt, moved to withdraw as Hayes had retained other counsel.  (Doc. 40)  A Text Only Order granting Ms. Blatt's Motion to Withdraw was entered on March 15, 2012, and Hayes' new counsel, Rex W. Chronister ("Chronister"), entered his appearance.  (Doc. 42)

Chronister filed a Motion for Psychiatric Evaluation on March 15, 2012.  An Order granting the Motion for Psychiatric Evaluation was entered by the Court on March 16, 2012.  (Doc. 44)  A

-1-

Psychiatric Report was received by the Court on May 16, 2012. (Doc. 48) The Psychiatric Report concluded that Hayes had a Full Scale IQ of 77, i.e., Borderline Intellectual Functioning, and that he was competent to stand trial. (*Id.*)

On July 2, 2012, Hayes appeared with his retained counsel before Hon. P. K. Holmes, III, for a change of plea hearing. (Doc. 58) A written Plea Agreement was presented to the Court, and Hayes pleaded guilty to Counts 3 and 4 of the Indictment charging him with aiding and abetting the distribution of methamphetamine and distribution of methamphetamine. (Docs. 58, 59) The Court tentatively approved the Plea Agreement and ordered a Presentence Investigation Report ("PSR"). (Doc. 58)

An initial PSR was prepared by the United States Probation Office on August 12, 2012. On September 25, 2012, the United States made one objection to the initial PSR, stating that Hayes "should be accountable for the approximate 5+ pounds of methamphetamine that indicted co-conspirator Sheila Hayes admitted to selling pursuant to relevant conduct." (Doc. 74; PSR, Addendum) U. S. Probation agreed with the objection as to drug quantity under relevant conduct, and it revised the PSR to reflect that Hayes was responsible for 2.268 kilograms of a mixture of methamphetamine; and, as a result, Hayes' Base Offense Level was determined to be 34. (Doc. 74; PSR, ¶¶ 93, 98, Addendum) No adjustments were made, so the Adjusted Offense Level remained 34. (Doc. 74; PSR, ¶¶ 99-103). U. S. Probation reported that Hayes had at least two prior felony convictions of a crime of violence, i.e., Sexual Abuse in the First Degree and Carnal Abuse 3d Degree, so Hayes was a Career Offender. (Doc. 74; PSR, ¶ 104) U. S. Probation noted, however, that "[a]s the offense level for a career offender from the career offender table is not greater than the offense level applicable in this case, the adjusted offense level remains a 34." (*Id.*) After a three

-2-

level reduction for acceptance of responsibility, Hayes' Total Offense Level was determined to be 31.  (Doc. 74; PSR, ¶¶ 105-107).

Hayes' criminal history resulted in a subtotal criminal history score of 27 (Doc. 74; PSR, ¶ 135), and 2 criminal history points were added as the instant offense was committed while Hayes was still under multiple criminal justice sentences from State court (Doc. 74; PSR, ¶ 136), for a total criminal history score of 29 placing Hayes in Criminal History Category VI (Doc. 74; PSR, ¶ 137).

The statutory range for the offense of conviction called for a mandatory minimum of five years and a maximum of 20 years imprisonment.  (Doc. 74; PSR, ¶ 155)  Hayes' advisory guideline range was determined to be 188 to 235 months imprisonment.  (Doc. 74; PSR, ¶ 156)

Hayes made one objection to the initial PSR: he objected to the Career Offender designation on the basis that his prior sex offenses were not crimes of violence as "these were consensual relationships with an underage person and neither would constitute a violent offense."  (Doc. 74; PSR, Addendum)  U. S. Probation responded stating that crimes of violence include forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), and that Hayes' victims were minors, ages 13 and 15, whose consent was not legally valid, so no changes were made to the PSR. (*Id.*)

The United States filed a Sentencing Memorandum on November 13, 2012, in which it contended that the drug quantity calculation based on relevant conduct was correct, and that the enhancement as a career offender was also correct.  (Doc. 69)

Hayes appeared for sentencing on November 16, 2012.  (Doc. 73)  The Court found sufficient evidence to support the drug quantity calculation set forth in the PSR, and the Court adopted the PSR

without change.  (Doc. 85)  The Court sentenced Hayes at the low end of the advisory guidelines range to 188 months imprisonment on Counts 3 and 4, to run concurrently, followed by four years supervised release on each count, also to run concurrently, no fine, and imposition of $200.00 in special assessments.  (Docs. 73, 84)  Judgment was entered by the Court on November 20, 2012.  (Doc. 84)  No direct appeal was taken.

On August 10, 2015, Hayes filed his Motion for Sentence Reduction pursuant to 18 U.S.C.A. § 3582(c)(2) and U.S.S.G. § 1B1.10.  (Doc. 121)  In it, he acknowledged that he was not sentenced as a career offender, and he sought a two-level reduction of his sentence.  (*Id.*)  After counsel was appointed in connection with the motion, an Unopposed Motion to Reduce Sentence Pursuant to Amendment 788 and 18 U.S.C. § 3582(c)(2) was filed on Hayes' behalf on August 26, 2015.  (Doc. 130)  In that motion, counsel recognized that "[a]lthough the defendant is a career offender, his original offense level was based on the greater drug quantity rather than Chapter 4 and his criminal history score triggered category VI[,]" and Hayes asserted eligibility for the two-level reduction "despite his career offender status because the guideline range was detected by drug quantity and his criminal history score."  (*Id.*)  The Court granted Hayes' motions (Docs. 121, 130) by Orders entered on September 1, 2015, finding that "[a]lthough the defendant is a career offender, his original offense level was based on the greater drug quantity rather than the offense level for career offender[,]" and that "[a]fter the reduction, the offense level is now the same for the drug quantity and career offender; therefore, the defendant is entitled to the reduction."  (Doc. 136)  Hayes' sentence was reduced from 188 months to 151 months.  (Doc. 135)

On August 27, 2015, Hayes filed his *pro se* Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (the "Motion").  (Doc. 131)  The Motion raises three grounds: (1) "[p]rior convictions used

to enhance sentence for ACCA were not crimes of violence for ACCA"; (2) "movant sentence is unreasonable because of miscalculated guidelines"; and, (3) ineffective assistance of counsel for "not contesting the drug amount" and for failure to seek a downward departure.  Only the third ground relates to a claim of ineffective assistance of counsel.

The United States' Response to the Motion was filed on September 25, 2015.  (Doc. 137)  Hayes did not file any reply.

## II.  Discussion

"A prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).  "If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."  28 U.S.C. § 2255(b).  A thorough review of Hayes' Motion and the files and records of this case conclusively shows that Hayes is entitled to no relief, and the undersigned recommends the denial and dismissal of his Motion with prejudice without an evidentiary hearing.

## A.  Timeliness

A one year period of limitation applies to motions under 28 U.S.C. § 2255.  This period runs

from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or, (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

The operative date in this case is "the date on which the judgment of conviction becomes final." An un-appealed criminal judgment becomes final when the time for filing a direct appeal expires. *Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n. 2 (8th Cir. 2008). The Judgment in this case was entered on November 20, 2012. Had Hayes wished to file an appeal, he was required to do so within 14 days. *See* Fed. R. App. P. 4(b)(1)(A)(i). Hayes did not file an appeal, and his judgment of conviction thus became final on December 4, 2002. *See Murray v. United States*, 313 Fed. App'x 924 (8th Cir. 2009). From that date, Hayes had one year, or until December 4, 2013, to timely file his § 2255 habeas petition. Hayes filed his § 2255 Motion on August 27, 2015, which was 1 year, 8 months, and 23 days after the limitations period expired. Because the Motion has been filed beyond the one year period of limitation, the Court lacks jurisdiction to consider the merits of Hayes' claims and the Motion should be summarily dismissed.

Timeliness is crucial to the consideration of a motion made under § 2255. *See, e.g., Alsup v. United States*, No. 09-3266-CV-S-RED, 2010 WL 376990, at pp. 2-3, (W.D. Mo. Jan. 26, 2010) (unpublished), in which the Government's motion to dismiss petitioner's § 2255 motion was granted

where the motion was filed *one day* out of time.  "Foreclosing litigants from bringing their claim because they missed the filing deadline by one day may seem harsh, but courts have to draw lines somewhere, statutes of limitation protect important social interests (internal citation omitted), and limitation periods work both ways - you can be sure [petitioner] would not be pooh-poohing the prosecution's tardiness if he had been indicted one day after the statute of limitations expired for his crimes."  *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000).  Here, of course, Hayes did not just miss the limitations deadline by one day, but by a period approaching two years.  Consequently, unless either statutory or equitable tolling applies, the Motion was not timely filed and should be summarily dismissed.

### 1. Statutory Tolling and *Johnson* Retroactivity

The one year period within which to file a § 2255 motion may, in an appropriate case, begin on the date on which an impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or, from the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255(f)(2-4).  The § 2255 Motion filed by Hayes is silent as to the issue of timeliness, but it asserts a claim based on *Johnson v. United States*, 576 U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), in which the Supreme Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), violates the Constitution's guarantee of due process.

The Government Response, filed September 25, 2015, asserts that the Supreme Court's ruling in *Johnson* does not apply retroactively to sentencing guidelines residual clause cases. Since the filing of the Government's Response, the Eighth Circuit decided *United States v. Taylor*, 803 F.3d 931, 932 (8th Cir. 2015) which acknowledged that "[t]he residual clause of the sentencing guidelines uses identical language to the ACCA, including as a 'crime of violence' any felony that 'otherwise involves conduct that presents a serious potential risk of physical injury to another.'" (Citing U.S.S.G. § 4B1.2(a)(2).)  The United States in *Taylor* conceded that the sentence imposed by the district court should be vacated and the case remanded for re-sentencing in light of *Johnson*. *Id.*  Recognizing that earlier authority which held that the sentencing guidelines are "not susceptible to a vagueness attack," *see United States v. Wivell*, 893 F.2d 156, 159 (8th Cir. 1990), was now "cast into doubt" by *Johnson*, the Court in *Taylor* vacated Taylor's sentence and remanded the case to the district court for re-sentencing. *Id.* at p. 933.  Also recently issued on April 18, 2016 was the United States Supreme Court's decision in *Welch v. United States*, 136 S.Ct. 1257 (2016), which held that *Johnson* announced a new substantive rule that has retroactive effect in cases on collateral review.

*Johnson* and *Welch* are inapplicable to the present case, however, as Hayes' sentence was not determined by an enhancement under the residual clause of the ACCA, found at 18 U.S.C. § 924(e)(2)(B)(ii), which the Supreme Court in *Johnson* found unconstitutional as violating due process, or the residual clause of the career offender sentencing guideline, found at U.S.S.G. § 4B1.2(a)(2), the validity of which the Eighth Circuit in *Taylor* found to be doubtful in light of *Johnson*.  Instead, Hayes' sentence was determined by the drug quantity attributed to him and his criminal history score.  Hayes admitted as much in his motions for sentence reduction.  Accordingly, the *Welch* and *Johnson* decisions neither make Hayes' Petition timely under 28 U.S.C. 2255(f)(3),

nor would they provide Hayes with the relief he seeks.

There is, therefore, no basis for statutory tolling of the one year limitations period and, unless equitable tolling applies, Hayes' Petition was not timely filed and should be summarily dismissed.

### 2. Equitable Tolling

The Eighth Circuit has held that the doctrine of equitable tolling is available to a § 2255 movant, but only "under limited conditions, for example, where extraordinary circumstances beyond a prisoner's control prevent the timely filing." *See Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001); *United States v. Martin*, 408 F.3d 1089, 1092 (8th Cir. 2005). The use of equitable procedures should be infrequent, *see Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002), and will not be applied if the habeas movant has not diligently pursued his rights, *see Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007). "Equitable tolling is an exceedingly narrow window of relief." *Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005).

Hayes has not alleged that any extenuating circumstances beyond his control prevented a timely filing, nor has he even relied on the doctrine of equitable tolling. He does not claim that some governmental action made it impossible or difficult for him to uncover the facts that he now asserts in support of his claims. He does not allege that the Government somehow lulled him into inaction. He does not refer to any extraordinary circumstances, attributable to the Government or to any other external cause, that prevented him, in the exercise of reasonable diligence, from discovering the facts upon which his claims are based soon enough to enable him to bring a timely habeas petition.

Hayes Petition, which is completely silent on the issue of timeliness, fails to allege any extraordinary circumstances beyond his control that prevented him from timely filing his § 2255 Petition. Nor has Hayes shown that he exercised due diligence in the pursuit of his rights. After

over 20 months beyond the expiration of the one year limitations period, Hayes now asserts claims that could have, and should have, been raised during the limitations period.  In doing so, he alleges no new facts that would explain a delay in bringing his claims.  He has failed to allege and establish any factual basis whatsoever to fit within the "exceedingly narrow window of relief" that equitable tolling provides, and his § 2255 Motion should be summarily dismissed as untimely.

## B.  Procedural Default

The United States Supreme Court has "long and consistently affirmed that a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982) (internal citations omitted).  Relief under § 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).  The circumstances under which a guilty plea may be attacked on collateral review are strictly limited, and "[i]t is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508, 104 S.Ct. 2543, 2546-47, 81 L.Ed.2d 437 (1984).  Even the voluntariness and intelligence of a guilty plea can be attacked on collateral review *only* if first challenged on direct review, as "[h]abeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" *Bousley v. United States*, 523 U.S. 614, 621, 118 S.Ct. 1604, 1610, 140 L.Ed.2d 828 (1998) (internal quotation marks and citation omitted).  "[T]he concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." *Id.*

In this case, Hayes did not pursue any relief on direct appeal.  Hayes could have challenged

that his guilty plea was knowingly and voluntarily made on appeal. *See DeRoo v. United States*, 223 F.3d 919, 924 (8th Cir. 2000). By failing to do so, Hayes procedurally defaulted the constitutional claims he now raises.

This procedural default may be excused only if Hayes "can show both (1) a cause that excuses the default, and (2) actual prejudice from the errors that are asserted." *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997) (quoting *Bousley v. Brooks*, 97 F.3d 284, 287 (8th Cir. 1996)); *Apfel*, 97 F.3d at 1076; and, *Frady*, 456 U.S. at 167-68. "For cause to exist, the external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S.Ct. 1454, 1472, 113 L.Ed.2d 517 (1991).

Hayes makes no such showing here. Hayes fails to demonstrate how the factual or legal basis for his constitutional claims was not reasonably available to him in time to pursue relief on direct appeal. There is no allegation by Hayes that some interference by government officials, or some external impediment, prevented him from raising his constitutional claims on direct appeal. Hayes simply failed to do so, and he has presented no showing to support the "cause and prejudice" standard to overcome his procedural default.

Since Hayes has not shown any adequate cause to overcome the procedural bar in his case, the Court need not consider the issue of actual prejudice. *Ashker v. Class*, 152 F.3d 863, 871 (8th Cir. 1998) (citing *Engle v. Isaac*, 456 U.S. 107, 134 n. 43, 102 S.Ct. 1558, 1575, 71 L.Ed.2d 783 (1982)). Additionally, Hayes has presented absolutely no new, reliable evidence to support his challenge to the voluntary and intelligent nature of his guilty plea. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself

sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup v. Delo*, 513 U.S. 298, 316, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

Hayes has failed to demonstrate "cause and prejudice" or a "miscarriage of justice" to overcome the procedural default of the constitutional claims he now asserts, and his § 2255 Motion should be summarily dismissed.

## C. Ground One - *Johnson* Does Not Apply

Hayes' first ground for relief asserts that he is entitled to relief under *Johnson* because the two sex offense convictions used to enhance his sentence "do not apply or qualify as violent felonies under the ACCA's residual clause." (Doc. 131, p. 4)  For the reasons discussed below, *Johnson* does not apply to Hayes' case.

First of all, the record clearly shows that Hayes was not sentenced under the ACCA, so for that reason alone *Johnson* does not apply to his case.

Second, although Hayes was found to be a career offender in the PSR, Hayes' sentence was not enhanced due to that determination.  Instead, Hayes' sentence was determined by the drug quantity attributed to him and his criminal history score.  As noted above, Hayes admitted as much in his motions for sentence reduction.  Perhaps understanding that the sentence reduction under Amendment 782 is not available to a career offender, *see United States v. Thomas*, 775 F.3d 982, 983 (8th Cir. 2014) (recognizing Amendment 782 did not lower the sentencing range established for a career offender by § 4B1.1), Hayes' *pro se* motion for sentence reduction (Doc. 121) clearly states that Hayes *was not* sentenced as a career offender.  In his Unopposed Motion to Reduce Sentence filed by counsel on his behalf, Hayes stated that "[a]lthough the defendant is a career offender, his original offense level was based on the greater drug quantity rather than Chapter 4 and his criminal

history score triggered category VI." (Doc. 130)  Hayes asserted eligibility for the two-level

reduction "despite his career offender status because the guideline range was detected by drug

quantity and his criminal history score." (*Id.*)  The Court granted Hayes' motions (Docs. 121, 130)

by Orders entered on September 1, 2015, specifically finding that "[a]lthough the defendant is a

career offender, his original offense level was based on the greater drug quantity rather than the

offense level for career offender[,]" and that "[a]fter the reduction, the offense level is now the same

for the drug quantity and career offender; therefore, the defendant is entitled to the reduction." (Doc.

136)  Hayes' sentence was reduced from 188 months to 151 months.  (Doc. 135)

Accordingly, the new substantive rule of law announced in *Johnson*, made retroactive to

collateral proceedings in *Welch*, does not apply to Hayes' case, and his first ground for relief must

be rejected.

### D.  Ground Two - Unreasonable Sentence Claim Not Viable Under § 2255

Hayes next contends that the District Court erred when it improperly calculated his sentence,

and he argues that his sentence is substantively unreasonable because: (1) it overstates his mental

and financial culpability; (2) it overstates his personal characteristics, including his "unexceptional"

mental health, history of being unemployed, history of being a drug addict, and having the IQ of a

child; (3) the Court did not give enough weight to his minor role as being exploited by his (wife) co-

defendant; and, (4) the three points he received in his PSR for all of his prior convictions "should

have only been one point if any" for each prior conviction.  (Doc. 131, p. 17)  The United States

maintains that all of these arguments regarding the Court abusing its discretion at sentencing are not

cognizable under § 2255.

The United States correctly notes that the remedy provided by § 2255 "does not encompass

all claimed errors in conviction and sentencing." *Meirovitz v. United States*, 688 F.3d 369, 370 (8th Cir. 201), citing *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (quoting *United States v. Addonizio*, 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979).  The relief is limited to a prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255; *Meirovitz*, 688 F.3d at 370.

Aside from his *Johnson* argument addressed above, Hayes does not contend that his sentence was either unconstitutional or that it exceeded the statutory limits for his offenses.  Instead, he contends that "the court abused its discretion when it imposed an unreasonable sentence (188 months) when it: (A) failing to consider relevant factors that should have received significant weight, (B) gives significant weigh to an improper or irrelevant factor, (C) or considers only the appropriate factors but in weighing those factors commits a clear error of judgment."  (Doc. 131, p. 17)  His claims illustrate only a disagreement with the Court's application of the Sentencing Guidelines and a lack of understanding of relevant conduct, which is insufficient to support a § 2255 claim.  Issues of Guideline interpretation or application do not establish proper § 2255 claims unless they rise to the level of being a miscarriage of justice.  *See Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (Sentencing Guideline claim is not properly brought under § 2255, but should have been raised on direct appeal).  As the Court held in *Auman*, garden-variety Sentencing Guideline application issues falling short of a "miscarriage of justice" (i.e., an illegal sentence) do not present a proper § 2255 claim.  *Auman*, 67 F.3d at 161.

Here, Hayes' sentence was within the statutory limits for his offenses.  The statutory

provisions were for a mandatory minimum of five years and a maximum term of twenty years imprisonment.  (Doc. 74; PSR, ¶ 155)  Hayes' sentence of 188 months imprisonment, later reduced to 151 months, clearly falls with the statutory limits for his offenses.  Further, Hayes' sentence fell within the applicable advisory Guideline range of 188 to 235 months.  (Doc. 74; PSR, ¶ 156)  As such, Hayes' sentence was presumptively reasonable.  *See United States v. Mickleson*, 433 F.3d 1050, 1056 (8th Cir. 2006) (sentences within the applicable Guideline range are presumptively reasonable); *United States v. Petreikis*, 551 F.3d 822, 824 (8th Cir. 2009) ("A sentence within the Guidelines range is accorded a presumption of substantive reasonableness on appeal.")

If Hayes wanted to challenge the sufficiency of the evidence to support the drug quantity attributed to him, or the nature of his role in the offense, or the calculation of his criminal history score, or the Court's consideration of the 18 U.S.C. § 3553(a) sentencing factors, he could have pursued a direct appeal.  He did not.

Hayes' claim that the Court imposed a substantively unreasonable sentence has no merit and should be summarily dismissed.

### E.  Ground Three - Ineffective Assistance of Counsel Claim

Hayes' also alleges in his Motion that his counsel was constitutionally ineffective for failing to contest the drug quantity attributed to Hayes and for failing to seek a downward departure.  (Doc. 131, p. 6)  In his supporting brief, Hayes goes on to include: the failure to advise Hayes that his criminal history could subject him to an enhanced sentence; the failure to advise Hayes that relevant conduct would be used for enhancement purposes; and, the failure to investigate Hayes' criminal history.  (Doc. 131, p. 20)

Much of Hayes' argument relates to his mistaken *Johnson* argument, which has been

addressed above.  Accordingly, the issue of whether his counsel failed to independently research and investigate Hayes' criminal history to determine if it included "crimes of violence" for enhancement purposes has no bearing here as Hayes was not sentenced to an enhancement under the ACCA or as a career offender under the Sentencing Guidelines.

### 1.  Legal Standards for Ineffective Assistance of Counsel Claims

To prove a claim of ineffective assistance of counsel, Hayes must demonstrate both that his counsel's performance was deficient, and that counsel's deficient performance prejudiced his defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To establish the deficient performance prong of the *Strickland* test, Hayes must show that his counsel's representation fell below the "range of competence demanded of attorneys in criminal cases." *Id*. at 688.  Review of counsel's performance is deferential, and there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689.  To establish the prejudice prong of the *Strickland* test, Hayes must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

Hayes pleaded guilty to the offenses of conviction.  When a guilty plea is entered by the movant, the focus of a collateral attack must remain limited to the nature of counsel's advice and the voluntariness of the guilty plea.  *Bass v. United States*, 739 F.2d 405, 406 (8th Cir. 1984), *citing Tollett v. Henderson*, 411 U.S. 258, 266 (1973).  As the Court in *Tollett* articulated:

> ". . . a guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred

prior to the entry of the guilty plea. *He may only attack the voluntary and intelligent character of the guilty plea* by showing that the advice he received from counsel was not within the standards set forth in *McMann*[1].

A guilty plea, voluntarily and intelligently entered, may not be vacated because the defendant was not advised of every conceivable constitutional plea in abatement he might have to the charge . . . And just as it is not sufficient for the criminal defendant seeking to set aside such a plea to show that his counsel in retrospect may not have correctly appraised the constitutional significance of certain historical facts, (internal citation omitted) it is likewise not sufficient that he show that if counsel had pursued a certain factual inquiry such a pursuit would have uncovered a possible constitutional infirmity in the proceedings." *Id*. at 267.  (Emphasis added.)

The rationale and ruling of *Tollett*, while a decision concerning a state prisoner's habeas claims, has been adopted by the Eighth Circuit for application to motions made by federal prisoners under 28 U.S.C. § 2255.  *See Bass*, 739 F.2d at 406.

The standard for determining the validity of a guilty plea remains whether it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970), citing *Boykin v. Alabama*, 395 U.S. 238, 242 (1969), *Machibroda v. United States*, 368 U.S. 487, 493 (1962), and *Kercheval v. United States*, 274 U.S. 220, 223 (1927).  "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997), quoting *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985).  A defendant has a heavy burden to overcome those admissions and

---

[1] *McMann v. Richardson*, 397 U.S. 759, 771 (1970) (If a prisoner pleads guilty on the advice of counsel, he must demonstrate that the advice was not "within the range of competence demanded of attorneys in criminal cases.")

show that his guilty plea was involuntary.  *See Blackledge v. Allison*, 431 U.S. 63, 72-74 (1977).

**2.  Failure to Investigate and Advise of the Consequences of Hayes' Criminal History**

Hayes claims that his counsel was constitutionally ineffective by not investigating Hayes' criminal history and failing to advise Hayes that his criminal history could subject him to an enhanced sentence.

Hayes was represented by experienced retained counsel, Rex W. Chronister, throughout the criminal proceedings leading to and including the change of plea hearing.  Chronister negotiated a written Plea Agreement with the Assistant United States Attorney prosecuting the case, and Chronister carefully reviewed the Plea Agreement with Hayes before obtaining Hayes' signature on it. (Doc. 59, ¶¶ 24(a), 25(a))  The Plea Agreement informed Hayes of the counts of conviction, being Counts 3 and 4 of the Indictment (charging Hayes with aiding and abetting in the distribution of methamphetamine and the distribution of methamphetamine in violation of 18 U.S.C. § 841(a)(1)), and the counts to be dismissed.  (Doc. 59, ¶ 1)  Hayes acknowledged that he had fully discussed with his counsel the facts of the case and the elements of the crimes to which he was pleading guilty; he agreed that he had committed each of the elements of the crimes to which he was pleading guilty; and, he admitted the factual basis for the plea.  (Doc. 59, ¶ 2)  The Plea Agreement advised Hayes of his constitutional and statutory rights, including the right to persist in his plea of not guilty.  (Doc. 59, ¶ 3)  The Plea Agreement made clear that it did not promise a specific sentence, and Hayes acknowledged that "discussions have taken place concerning the possible guideline range which might be applicable to this case," that "any discussions merely attempt to guess at what appears to be the correct guideline range and do not bind the district court," "that the actual range may be greater than contemplated by the parties," and that "[i]n the event that the actual guideline range is

-18-

greater than the parties expected, the defendant agrees that this does not give him the right to withdraw his plea." (Doc. 59, ¶ 14)

The Plea Agreement also informed Hayes that at sentencing the Court will be permitted to consider "all relevant information with respect to defendant's background, character and conduct, including the conduct that is the subject of this investigation for which he has not been charged up to the date of this Agreement, and/or which is the basis for any of the counts which will be dismissed pursuant to this agreement, as provided by § 1B1.3 of the Sentencing Guidelines." (Doc. 59, ¶ 15) By signing the Plea Agreement, Hayes expressly acknowledged the following: that he fully understood the Plea Agreement (Doc. 59, ¶ 24(b)); that he was satisfied with the legal services provided by defense counsel in connection with the plea agreement and matters related to it (Doc. 59, ¶ 24(d)); and, that he entered into the Plea Agreement freely, voluntarily, and without reservation, and that his desire to enter a plea of guilty was not the result of any threats or coercion (Doc. 59, ¶ 24 (e)).

During the change of plea hearing on July 2, 2012, Hayes was sworn on oath and examined by the Court about the offenses and the Plea Agreement. The Court inquired of Hayes about his age and level of education; whether Hayes was under the influence of alcohol or drugs, and whether Hayes was able to comprehend the proceedings; and, the possible severity of sentence was explained, as well as Hayes' constitutional and statutory rights. (Doc. 58) Upon such inquiry in open court, the Court determined that Hayes' guilty pleas to Counts 3 and 4 of the Indictment were voluntary and intelligent, and that there was a factual basis to support the guilty pleas. (Docs. 58)

Hayes alleges in his § 2255 Motion that his guilty pleas were rendered involuntary "because his attorney never stated prior to Petitioner pleading guilty, that Petitioner would be faced with

enhancements after pleading guilty." (Doc. 131, p. 21)  Hayes further alleges that he "would have gone to trial or negotiated a different plea agreement (a lesser sentence) had counsel fully informed [him] of these facts." (*Id.*)  As previously addressed, however, Hayes was not sentenced under any enhancements due to application of the ACCA or the career offender Sentencing Guideline, so his allegations are plainly not supported by the record.  Moreover, his acknowledgments in the Plea Agreement make clear that he understood the Plea Agreement promised no specific sentence; that discussions about the applicable guideline range were only an attempt to guess what the correct guideline range would be; that the actual guideline range may be greater than contemplated by the parties and, if so, Hayes agreed that did not give him the right to withdraw his guilty pleas; and, he was informed that his relevant conduct would be considered by the Court at sentencing.  (Doc. 59, ¶¶ 14, 15)

Hayes' right to be apprised of the court's sentencing options extends no further than the provisions of Fed.R.Crim.P 11(c)(1), which require only that the court inform the defendant of the applicable mandatory minimum and maximum sentences.  *United States v. Quiroga*, 554 F.3d 1150, 1155 (8th Cir. 2009).  There, faced with a claim of ineffective assistance of counsel similar to that made by Hayes in the present case, the Eighth Circuit held, "[t]his contention founders on abundant circuit precedent holding that inaccurate advice of counsel about the sentencing guidelines or likely punishment does not render involuntary a defendant's decision to plead guilty, so long as the defendant is informed of the maximum possible sentence permitted by statute and the court's ability to sentence within that range." *Id.* (Citations omitted). This rule of law also specifically applies to a claim of ineffective assistance of counsel premised on an alleged failure to explain, prior to a guilty plea, that a defendant might be classified as a career offender and subject to enhanced penalties as

-20-

a result.  *See Thomas v. United States*, 27 F.3d 321 (8th Cir. 1994) (defense counsel's failure to advise defendant he might be considered a career offender was not ineffective assistance because defendant knew the maximum penalty he faced and made no attempt to withdraw his plea when the PSR recommended he be sentenced as a career offender).

Here, the Plea Agreement clearly advised Hayes of the statutory mandatory minimum sentence and maximum sentence (Doc. 59, ¶ 10), and the Court also advised Hayes of these Rule 11 requirements at the change of plea hearing (Doc. 58).  Hayes made no attempt to withdraw his guilty pleas when the PSR reflected his criminal history score and its determination that Hayes was a career offender pursuant to U.S.S.G. § 4B1.1.  Any attempt to do so would likely have been futile given the terms of his Plea Agreement in which Hayes acknowledged that the actual guideline range may be greater than contemplated by the parties and, if so, Hayes agreed that circumstance did not give him the right to withdraw his guilty pleas.  (Doc. 59, ¶ 14)

Hayes' claim that counsel failed to investigate his criminal history, and to advise him, prior to entering a guilty plea, that he might be classified as a career offender and subject to an enhanced sentence as a result, is precluded by well established Eighth Circuit precedent.  Based upon such precedent, it cannot be said that Chronister's representation fell below an objective standard of reasonableness, and Hayes has failed to establish the deficient performance prong of *Strickland*.

Since Hayes has failed to show that counsel's performance was deficient, there is no need to address the second *Strickland* prong of prejudice.  *See United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003) (if a movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim).  In any event, no showing of prejudice could be made as Hayes' sentence was not enhanced due to application of the ACCA or

the career offender Sentencing Guideline, so the finding in the PSR that Hayes was a career offender was moot as it added nothing to his sentencing range.

Accordingly, Hayes' claim of ineffective assistance of counsel for failure to investigate his criminal history and advise of possible sentencing enhancements has no merit and should be rejected.

### 3.  Failure To Challenge Drug Quantity Resulting From Relevant Conduct

Hayes also contends tangentially that his counsel's failure to advise him that relevant conduct could be used for drug quantity determinations was constitutionally deficient.  On this point, Hayes only vaguely alleges that counsel undermined Hayes' Plea Agreement by not advising of "the unexpected relevant conduct (drug amount) would be administered to Petitioner for enhancement purposes."  (Doc. 131, p. 20)  The argument is contradicted by the plain language of the signed Plea Agreement in this case.

U. S. Probation initially reported that Hayes was accountable for 15.6 grams of methamphetamine he sold to confidential informants, and it was the United States' objection to that drug quantity that resulted in the increased drug quantity included in the final PSR.  (Doc. 74; PSR, Addendum)  U. S. Probation agreed with the United States' objection as to drug quantity under relevant conduct, and it revised the PSR to reflect that Hayes was responsible for 2.268 kilograms of a mixture of methamphetamine; as a result, Hayes' Base Offense Level was determined to be 34. (Doc. 74; PSR, ¶¶ 93, 98; Addendum)  At sentencing, the Court found sufficient evidence to support the drug quantity calculation set forth in the PSR, and the Court adopted the PSR without change. (Doc. 85)

When applying the relevant conduct provision of U.S.S.G. § 1B1.3 to drug offenses, the Eighth Circuit has often held that drug quantities not involved in the count of conviction are properly

considered in determining the base offense level. *See, e.g., United States v. Murray*, 67 F.3d 687 (8th Cir. 1995); *United States v. Gordon*, 510 F.3d 811 (8th Cir. 2007). In *Murray*, the defendant pled guilty to one count of distributing 54.3 grams of cocaine, but was also held responsible at sentencing, pursuant to U.S.S.G. § 1B1.3, for an additional 1,578 grams of cocaine hydrochloride and 542 grams of cocaine base contained in a safe over which the defendant had control. *Murray*, 67 F.3d at 689. This raised the base offense level from a level 16 to a level 36. *Id.* at 691. The Eighth Circuit held that the drugs in the safe were properly considered as relevant conduct. *Id.*

Hayes argument regarding "unexpected relevant conduct" is without merit as he specifically acknowledged in his Plea Agreement that "[a]t the sentencing hearing, the government will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to . . . the conduct that is the subject of this investigation for which [Hayes] has not been charged . . . and/or which is the basis for any of the counts which will be dismissed pursuant to this agreement, as provided by § 1B1.3 of the Sentencing Guidelines." (Doc. 69, ¶ 15) U.S.S.G. § 1B1.3, Application Note 10, provides in pertinent part, "in a drug distribution case, quantities and types of drugs not specified in the count of conviction *are to be included in determining the offense level* if they were part of the same course of conduct or part of a common scheme or plan as the count of conviction." (Emphasis added.)

This is not a case where the Court determined drug quantity based on conduct by other co-conspirators of which Hayes was unaware, or conduct which Hayes played no part in, during the overall course of the criminal conspiracy to distribute methamphetamine. To the contrary, the conduct resulting in the drug quantity calculation made by the Court was Hayes' own specific, jointly undertaken activity with an indicted co-defendant, Sheila Hayes (Hayes' wife), who admitted to

-23-

selling between five and ten pounds of methamphetamine.  The PSR set forth Hayes' active role in distributing methamphetamine, noting that "William Hayes was usually there on most of the transactions the CI had with Sheila and was aware of how much crystal methamphetamine was being distributed by Sheila."  (Doc. 74; PSR, ¶¶ 32, 38, 40, 41, 44-47, 90, 91, 93)

Given the record, the Court cannot conclude that Hayes' counsel was constitutionally deficient for failing to argue that the drug quantity should have been limited to the 15.6 grams of methamphetamine Hayes sold to confidential informants in the counts of conviction.  Hayes agreed that his relevant conduct would be considered by the Court at sentencing, and the Court properly considered Hayes' relevant conduct at sentencing in determining the drug quantity for which Hayes should be held accountable.

Hayes ineffective assistance of counsel claim on this point should be summarily dismissed.

### 4.  Failure to Argue Mental Issues in Mitigation

Hayes' final contention is that counsel failed to argue for a downward departure based on Hayes' mental health issues.  (Doc. 131, pp. 6, 22)

Hayes fails to set forth any specific allegations to support his claim that "counsel failed to seek a downward departure on Petitioner's behalf."  (Doc. 131, p. 6)  Though a § 2255 motion is to be liberally construed, the petition *must assert facts* regarding counsel's performance.  *Saunders v. United States*, 236 F.3d 950, 952-53 (8th Cir. 2001).  Hayes simply does not assert any facts regarding his claim that counsel failed to adequately present Hayes' mental health issues to the Court.  Vague and conclusory allegations are not sufficient to state a ground for relief under 28 U.S.C. § 2255.  *Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir. 1986).  *See also: Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977) (solemn declarations in open

-24-

court carry a strong presumption of verity; subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal); *Smith v. United States*, 677 F.2d 39, 41 (8th Cir. 1982) (conclusory allegations, unsupported by any specifics, are subject to summary dismissal); *Bryson v. United States*, 268 F.3d 560, 562 (8th Cir. 2001) (brief, conclusory allegations that failed to cite to the record insufficient to support claims of ineffective assistance of counsel).

Since Hayes has failed to show that his counsel's performance was deficient regarding this issue, there is no need to address the second *Strickland* prong of prejudice. *See United States v. Walker*, *supra*.  Even so, Hayes is also unable to demonstrate prejudice.

Chronister filed a Motion for Psychiatric Evaluation of Hayes on March 15, 2012.  (Doc. 43) The Psychiatric Report dated May 16, 2012 confirmed that while Hayes' cognitive functioning was in the range of Borderline Intellectual Functioning, and he had a history of learning disabilities, Hayes did not appear to examiners to suffer from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or to properly assist in his defense.  (Doc. 48)  The only recommendations of the psychiatric examiners were: (1) that defense counsel use more simplistic language when conferring with Hayes and have Hayes repeat back his understanding of the more complex legal issues; (2) for a pharmacotherapy consultation to address Hayes' longstanding depression and anxiety symptoms; and, (3) engagement in substance abuse treatment due to Hayes' admitted history of substance abuse/dependence.  (Doc. 48, pp. 12-13)  The Court had the benefit of the Psychiatric Report at the time of sentencing.  Moreover, Hayes' mental health, substance abuse, and educational, vocational and special skills were also presented to the Court in the PSR.  (Doc. 74, ¶¶ 147-152) The Court was, therefore, made aware of any possible mental health issues that might support mitigation or a downward departure at sentencing.

Hayes' claim of ineffective assistance of counsel for failure to seek a downward departure lacks merit and should be rejected.

### F.  No Evidentiary Hearing is Warranted

A petitioner is entitled to an evidentiary hearing on a habeas motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief.  *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 835-36 (8th Cir. 2005) (citing 28 U.S.C. § 2255).  No evidentiary hearing is required, "where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based."  *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007); *Anjulo-Lopez v. U.S.* 541 F.3d 814, 817 (8th Cir. 2008).  Those are the circumstances in this case.  Resolution of Hayes' claims can be accomplished by reviewing the record and applicable law.  A thorough review of Hayes' § 2255 Motion, the files and records of this case, and applicable law, shows that Hayes is entitled to no relief.  Accordingly, the undersigned recommends the summary dismissal of Hayes' § 2255 Motion without an evidentiary hearing.

### G.  No Certificate of Appealability is Warranted

A Certificate of Appealability may issue under 28 U.S.C.§ 2253 only if the applicant has made a substantial showing of the denial of a constitutional right.  A "substantial showing" is one demonstrating that reasonable jurists could debate whether the petition should have been resolved in a different manner or the issues presented deserved further proceedings even though the petitioner did not prevail on the merits in the court considering his case at present.  *See Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

In the present case, and for the reasons stated above, the undersigned finds that there is no substantial showing of the denial of a constitutional right, and a Certificate of Appealability should

be denied.

### III.  Conclusion

For the reasons and upon the authorities discussed above, Hayes' claims are not supported by the record in this case.  I recommend that Hayes' Motion, filed under 28 U.S.C. § 2255, be **DISMISSED with PREJUDICE** without an evidentiary hearing.  I further recommend that a request for a Certificate of Appealability be denied.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 9th day of June, 2016.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE